**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER HOFFMAN and** | : | **Civil No. 4:14-CV-1978** |
| **JOSHEWA SINK,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Judge Brann)** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of The Case

This case, which comes before us for consideration of a motion to dismiss filed by the defendant, involves a dispute relating a claim under a homeowners' insurance policy, and began its life as an action filed in state court that was later removed to federal court.   The plaintiffs' initial complaint, which was filed in the Court of Common Pleas of Columbia County, names State Farm Fire and Casualty Company as the defendant and brings two legal claims against State Farm:  a claim of breach of an insurance contract between the parties; (Doc. 1, Count I.), and a companion claim of breach of a state statutory duty of good faith in investigating and paying this insurance claim, violation of 42 Pa.C.S. §8371.  (Doc. 1, Count II.)

In support of these two legal claims, the plaintiffs' complaint contains a detailed 43 paragraph factual recital. (Id., ¶¶1-43.) Thus, in their original state court complaint, the plaintiffs, Jennifer Hoffman and Joshewa Sink, alleged that they purchased a homeowners insurance policy for their property located at 770 Mainville Drive, Bloomsburg, Pennsylvania. (Id., ¶4.) On July 12, 2013, a fire occurred in the plaintiffs' home, a fire which resulted in substantial damage to the structure and contents, and rendered the home uninhabitable. (Id., ¶¶5-9.) Hoffman immediately reported this fire and loss to her insurer, State Farm. (Id., ¶7.) Furthermore, initial investigation by the fire department at the scene led fire fighters to conclude that the fire was accidental and electrical in origin. (Id., ¶10.) However, in the immediate wake of this fire State Farm commenced its own investigation into the origin of this fire, an investigation which the plaintiffs allege spanned more than one year and unreasonably cast suspicion upon them. (Id., ¶13.)

The course and nature of this investigation forms the basis for many of the plaintiffs' claims in this lawsuit. According to the plaintiffs' complaint, this investigation began within 3 or 4 days of the fire when a State Farm Cause and Origin expert requested permission to inspect the home. (Id., ¶13.) The plaintiffs allege that they complied with this an every other reasonable request made by State Farm, (id., ¶¶13-15), but instead found themselves harmed over the ensuing 13 months by their

2

insurer as State Farm allegedly conducted a "meandering and indeed sloppy investigation thereby causing unnecessary delay in the resolution of the claim." (Id., ¶41.)

The complaint then details what the plaintiffs alleged were the improper, delaying actions of State Farm in the course of resolving this claim. According to the plaintiffs State Farm's investigation initially, and erroneously, focused suspicion upon the plaintiffs for many months before paying this claim. In the course of this year long investigation, the plaintiffs also allege that State Farm's Source and Origin expert wrongfully removed electrical boxes and wiring from their home without their permission. (Id., ¶¶14-16.)

As State Farm conducted what the plaintiffs characterize as a "meandering and indeed sloppy investigation," the plaintiffs were forced to seek other housing for Ms. Hoffman, who was 7 months pregnant, and their two children. (Id., ¶¶11-12, 18-20.) According to the plaintiffs they turned to State Farm for assistance in this process but were simply referred to an Illinois company which provided them with no meaningful housing location assistance. (Id.) Ultimately, the plaintiffs allege that they were compelled to make their own housing arrangements, securing housing some 50 miles from the children's school. (Id., ¶20.)

As the plaintiffs were undergoing these hardships, they contend that they were consistently inquiring of State Farm regarding the progress of its investigation, but received no response.  (Id., ¶¶21, 22.)  Frustrated by this inaction on State Farm's part, the plaintiffs secured the services of a public adjuster, who was able to help the plaintiffs compile structure and contents claims which totaled approximately $150,000.  (Id., ¶¶22-23.)

The plaintiffs allege that when they submitted these claims, they were then required to undergo examinations under oath by State Farm, examinations in which it was suggested that State Farm suspected the plaintiffs causing this fire.  (Id., ¶¶24-28.)  When State Farm was unable to develop evidence supporting this theory, the plaintiffs allege that the company made initial payments on these claims of only $59,000, approximately one third of the total claim.  (Id., ¶28.)

After some seven months elapsed, in January or February of 2013, State Farm then sent an adjuster out to the property to assess the plaintiffs' additional claims. According to the plaintiffs, their fire damaged home had by this time sat throughout the winter without electrical power, causing additional soot damage to their belongings.  The plaintiffs assert that they asked State Farm to test the property to determine the presence of soot in the home, soot which may have further damaged the

contents of the residence, but State Farm never responded to these requests.  (Id., ¶32.)

The plaintiffs further allege that they requested State Farm's assistance in retrieving items from their home. (Id., ¶29.)  In response to these requests, State Farm sent an adjuster to the property in January or February 2014.  However, when that adjuster arrived at the property and met the plaintiff's public adjuster, an argument ensued, a dispute which led to further delays by State Farm in resolving this claim. (Id., ¶¶30-33.)

According to the plaintiffs, ultimately State Farm made some additional payment of claims under the policy in July 2014, but even these belated payments, left approximately $20,000 in claims unpaid.  (Id., ¶¶34-44.)  It is on the basis of these factual averments that the plaintiffs characterize this investigation as "meandering and indeed sloppy," (id., ¶41), and allege that the investigation was driven by an improper  desire to "prove" that the plaintiffs had set this fire in order to relieve State Farm from its obligations under this policy; (id., ¶44), actions which allegedly caused great annoyance, inconvenience, and stress to the plaintiffs. (Id., ¶42.)

Presented with this state court complaint, State Farm removed this action to federal court, (Doc. 1.), and moved to dismiss certain claims set forth in the

complaint.  (Doc. 3.)  Specifically, the defendant has:  (1) moved to dismiss any attorney's fees claims from Count I of the complaint, the breach of contract claim; (2) moved to dismiss any claim for emotional distress from Count II of the complaint which alleges a breach of a state statutory duty of good faith in investigation and paying this insurance claim violation of 42 Pa.C.S. §8371; (3) sought dismissal of the plaintiff's breach of contract claim in the complaint under Rule 8 for allegedly inadequately describing the damages sought by the plaintiffs; and (4) have moved to dismiss Count II in its entirety, arguing that the complaint fails to state claim upon which relief may be granted under 42 Pa.C.S. §8371.

This motion is fully briefed by the parties, (Docs. 4-7.), and is, therefore, ripe for resolution.  For the reasons set forth below, it is recommended that the motion to dismiss be granted, in part, and denied, in part.  Specifically it is recommended that the motion be granted with respect to any attorney's fees claims from Count I of the complaint, the breach of contract claim, and any claim for emotional distress from Count II of the complaint, which alleges a breach of a state statutory duty of good faith in investigation and paying this insurance claim violation of 42 Pa.C.S. §8371, but denied in all other respects.

## II.   Discussion

### A.   Motion to Dismiss–Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint.  Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556.  Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg

Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**B.      This Motion to Dismiss Should Be Granted, in Part, and Denied, in Part**

Judged against these standards, in this case, it is submitted that the Court should grant this motion to dismiss, in part, and deny the motion, in part.

**1.      The Plaintiffs May Not Recover Attorneys' Fees on a Breach of Contract Claim**

At the outset, we agree that the plaintiffs may not recover attorneys' fees on their breach of insurance contract claim.   Indeed, it is well-settled that "under Pennsylvania law attorney's fees are not recoverable in a contract action, absent some explicit fee award provision in the contract itself.  See Knecht, Inc. v. United Pac. Ins. Co., 860 F.2d 74, 81 (3d Cir.1988)."  Stephens v. State Farm Fire & Cas. Co., No. 1:14 CV 160, 2014 WL 5312682, at *6 (M.D. Pa. Oct. 16, 2014).  Therefore, this claim for attorneys' fees should be dismissed from Count I of the complaint.

**2.      The Plaintiffs May Not Recover Pain and Suffering As Damages for an Alleged Violation of 42 Pa.C.S. §8371**

Likewise we conclude that the defendant is correct in asserting that no claim for pain, suffering or emotional distress lies against State Farm under Count II of the complaint which alleges a breach of a state statutory duty of good faith in investigation and paying this insurance claim violation of 42 Pa.C.S. §8371.

By its terms, §8371 prescribes the relief which a party may obtain under this statutory claim and provides that:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 %.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

Id.

This careful recitation of statutory remedies has led courts to conclude that remedies beyond those set forth by statute, such as pain, suffering and emotional distress, simply may not be recovered under §8371.  Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, 323 (M.D. Pa. 2000).  Accordingly, this claim should also be dismissed.

### 3. The Motion to Dismiss Count II of the Complaint in its Entirety Should Be Denied

As for the statutory bad faith denial of insurance coverage claim articulated by the plaintiffs in Count II of their complaint, Pennsylvania law provides for a cause of action by insurance customers against insurance companies that engage in bad faith

claims handling, stating that: "In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer."  42 Pa. C. S. § 8371.

Under Pennsylvania law, "[b]ad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured.  See Coyne v. Allstate Ins. Co., 771 F.Supp. 673, 678 (E.D.Pa.1991) (bad faith is failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information); Romano v. Nationwide Mut. Fire Ins. Co., 435 Pa.Super. 545, 646 A.2d 1228 (1994)."  Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 (3d Cir. 1999).  "Ultimately, in order to recover on a bad faith claim, the insured must prove:  (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim."  Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005).  Case law sets exacting standards for any bad faith claim.  As the court of appeals has observed:

In the primary case construing bad faith under 42 Pa.C.S.A. § 8371, <u>Terletsky v. Prudential Property & Casualty Co.</u>, the Superior Court of Pennsylvania explained:

> "Bad faith" on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

437 Pa.Super. 108, 125, 649 A.2d 680, 688 (Pa.Super.Ct.1994) (quoting Black's Law Dictionary 139 (6th ed.1990)). <u>Terletsky</u> held that, "to recover under a claim of bad faith," the insured must show that the insurer "did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." <u>Id</u>. Thus, an insurer may defeat a claim of bad faith by showing that it had a reasonable basis for its actions. <u>Horowitz v. Federal Kemper Life Assurance Co.</u>, 57 F.3d 300, 307 (3d Cir.1995). Our Court has described "the essence of a bad faith claim" as "the unreasonable and intentional (or reckless) denial of benefits." <u>UPMC Health Sys. v. Metro. Life. Ins. Co.</u>, 391 F.3d 497, 506 (3d Cir.2004).

Bad faith "must be proven by clear and convincing evidence and not merely insinuated." <u>Terletsky</u>, 649 A.2d at 688 (collecting cases). As the District Court noted, this heightened standard requires the insured to provide evidence "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." <u>Bostick v. ITT</u>

13

> Hartford Grp., 56 F.Supp.2d 580, 587 (E.D.Pa.1999)
> (citations omitted).

Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011).

These same exacting standards apply to assessing the sufficiency of complaints alleging bad faith claims under §8371.   When considering whether a proposed statutory bad faith claim under §8371 fails as a matter of law: "Many federal district courts have recently been called upon to evaluate bad faith complaints in light of Iqbal and Twombly.   Under these Supreme Court decisions, plaintiffs must plead sufficient facts to make out a plausible claim for relief against the defendant.   See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).   In the bad faith context, district courts have required more than 'conclusory' or 'bare-bones' allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support.   See e.g., Liberty Ins. Corp. v. PGT Trucking, Inc., Civ. A. No. 11–151, 2011 WL 2552531, at *4 (W.D.Pa. Jun. 27, 2011); Pfister v. State Farm Fire & Cas. Co., Civ. A. No. 11–799, 2011 WL 3651349 (W.D.Pa. Aug. 18, 2011); Atiyeh, 742 F.Supp.2d at 599 ('However, these averments are merely conclusory legal statements and not factual averments.')." Palmisano v. State Farm Fire & Cas. Co., CIV.A. 12-886, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012). See Yohn v. Nationwide Ins. Co., 1:13-CV-024, 2013 WL

14

2470963 (M.D. Pa. June 7, 2013)(collecting cases).  Thus, the assessment of the sufficiency of a particular complaint often turns on the specificity of the pleadings, and calls for recital of specific factual allegations from which bad faith may be inferred in order to defeat a motion to dismiss.  Compare  Sypeck v. State Farm Mut. Auto. Ins. Co., 3:12-CV-324, 2012 WL 2239730 (M.D. Pa. June 15, 2012) with Zimmerman v. State Farm Mut. Auto. Ins. Co., 3:11-CV-1341, 2011 WL 4840956 (M.D. Pa. Oct. 12, 2011).  Where a complaint's §8371 bad faith claim simply relies upon breach of contract allegations, coupled with a conclusory assertion that the failure to pay under an insurance policy was "unreasonable" or made in bad faith, courts have dismissed such claims, but typically have afforded litigants an opportunity to further amend and articulate their bad faith claims.  See e.g., Wanat v. State Farm Mut., Auto. Ins. Co., 4:13-CV-1366, 2014 WL 220811 (M.D. Pa. Jan. 21, 2014); Cacciavillano v. Nationwide Ins. Co. of Am., 3:12-CV-530, 2012 WL 2154214 (M.D. Pa. June 13, 2012).

In its motion to dismiss, State Farm asserts that the plaintiffs' complaint fails to meet this exacting standard of pleading.  However, at this stage of the proceedings, where our review is cabined by the well-pleaded facts in the complaint, we are constrained to disagree.  In reaching this conclusion, we acknowledge that the complaint concludes with a statutory recital that:

The defendant failed to comply with the provisions of 42 Pa C.S.A. §8371 in that the defendant:

(A) Failed to acknowledge and act promptly upon written or oral communication with respect to claims arising under plaintiffs' policy;

(B) Failed to adopt and implement reasonable standards for the prompt investigation of the claim arising under plaintiffs' policy;

(C) Failed or refused to pay plaintiffs' claim without conducting a reasonable investigation based upon all available information;

(D) Failed to affirm coverage of plaintiffs' claim within a reasonable time after proof of loss had been completed and communicated to defendant;

(E) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of plaintiffs' claim in which defendant's liability under plaintiffs' policy is reasonably clear;

(F) In attempting to settle plaintiffs' claim for less than the amount to which a reasonable man would have believed he was entitled

(Doc 1., ¶49.)

However, taken as a whole the complaint goes beyond a mere boilerplate recital of the elements of the statute. Rather, as we construe the complaint, it provides a chronology detailing delays spanning more than a year in the resolution of this claim, delays caused by a what the plaintiffs describe as an improper investigation, coupled with what the plaintiffs contend were factually unwarranted

16

accusations of misconduct leveled against them by State Farm, combined with an alleged lack of response by State Farm to numerous legitimate requests for assistance and information from the plaintiffs.  While State Farm vigorously disputes each of these averments, and argues that the facts alleged by the plaintiffs may also be construed to support a prudent effort on its part to thoroughly examine and resolve a suspicious claim, these argument invites us to go beyond the pleadings themselves and resolve essentially factual disputes concerning the proper inferences regarding motive to draw from these disputed facts.  This is a task which, in our view, may not be performed on consideration of a motion to dismiss, where we must simply assess the adequacy of the pleadings.  Rather, this task must await another day, another proceeding, or another motion in the nature of a motion for summary judgment.

Finally, State Farm asserts that the complaint fails to sufficiently articulate the elements of plaintiffs' claim for damages on the plaintiffs' breach of contract claim and is, therefore, subject to dismissal under Rule 8 of the Federal Rules of Civil Procedure.  This arguments warrants only brief consideration. Rule 8 sets a very basic threshold for pleading and provides that:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Thus, it is well-settled that:  "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each

averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County,

219 F.App'x 221, 222 (3d Cir. 2007).

As a general matter, therefore, Rule 8 is violated and dismissal of a complaint

is warranted, only when a complaint is "illegible or incomprehensible", id., or when

a complaint "is not only of an unwieldy length, but it is also largely unintelligible."

Stephanatos v. Cohen,  236 F.App'x 785, 787 (3d Cir. 2007).  See, e.g., Mincy v.

Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court,

260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon

County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th

Cir.2005).  Dismissal under Rule 8 is also proper when a complaint "left the

defendants having to guess what of the many things discussed constituted [a cause of

action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011),

or when the complaint is so "rambling and unclear" as to defy response.  Tillio v.

Spiess, 441 F.App'x 109 (3d Cir. 2011).  Similarly, dismissal is appropriate in " 

'those cases in which the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised.' Simmons v. Abruzzo,

49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x

109, 110 (3d Cir. 2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir.

2012).  Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Judged against these standards, we believe that the complaint, read as a whole, adequately states a breach of contract claim and therefore is not subject to dismissal under Rule 8.  While we appreciate that State Farm's concerns regarding the potential ambiguity in the plaintiff's prayer for relief, which simply requests damages in an amount in excess of $75,000, we believe that those ambiguities can be resolved in two different ways without the necessity of the dismissal of an otherwise well-pleaded claim.  First, State Farm can through discovery secure the information it needs to defend the damages aspect of this claim.  In addition, to the extent that State Farm finds this prayer for relief to be too vague, the vehicle for gaining a better

understanding of this aspect of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e) of the Federal Rules of Civil Procedure.

Rule 12(e) provides in part that: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

Fed. R. Civ. P. 12(e). Thus:

> Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id. When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006)

Given the availability of these other, less dramatic tools to achieve what State Farm seeks–greater clarity in this prayer for relief–it is submitted that this Court should decline to dismiss this count entirely under Rule 8.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT the motion to dismiss the complaint (Doc. 3.) be GRANTED, in part, and DENIED, in part, as follows:  The motion should be GRANTED with respect to any attorney's fees claims from Count I of the complaint, the breach of contract claim, and any claim for emotional distress from Count II of the complaint which alleges a breach of a state statutory duty of good faith in investigation and paying this insurance claim violation of 42 Pa.C.S. §8371, but DENIED in all other respects.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,  recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of December, 2014.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge